UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA FLETES,<br><br>        Plaintiff,<br>v.<br><br>CITY OF SAN DIEGO dba SAN DIEGO POLICE DEPARTMENT, ROGELIO MEDINA, NICHOLAS TRONCATE, SERGIO GALLEGOS, and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. 13-cv-2279-JAH(JMA)<br><br>**ORDER DENYING MOTION TO RE-TAX COSTS (DOC. # 47) AND AFFIRMING AWARD** |

## INTRODUCTION

Presently before the Court is Plaintiff's motion to re-tax and review the awarding of costs to Defendants pursuant to Federal Rule of Civil Procedure 54(d)(1). (Doc. # 47). Upon consideration of the pleadings submitted in support of and in opposition to Plaintiff's motion and the applicable law, the Court hereby DENIES Plaintiff's motion to re-tax costs for the following reasons.

## BACKGROUND

On January 12, 2013, Plaintiff was shot by police while riding as a passenger in a stolen vehicle after the driver of the vehicle led police on a high-speed pursuit and attempted to run over a police officer.[1] On August 1, 2013, Plaintiff, proceeding

---

[1] The facts of this case were previously set forth at length in the Court's September 30, 2015 Order. (See Doc. # 38). The Court adopts the facts set forth in that order as though fully set forth herein.

through counsel, filed a complaint in San Diego County Superior Court against defendants City of San Diego, doing business as San Diego Police Department, Rogelio Medina, Nicholas Troncale (erroneously sued as Nicholas Troncate), and Sergio Gallegos (collectively "Defendants").  Plaintiff's complaint alleged six causes of action for: (1) excessive force in violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983; (2) custom and practice causing a violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983; (3) violation of California Civil Code § 52 *et seq.*; (4) assault and battery; (5) intentional infliction of emotional distress; and (6) false imprisonment. On September 27, 2013, Defendants filed an answer to Plaintiff's complaint. Defendants then filed a motion for summary judgment on December 8, 2014. (Doc. # 26). Plaintiff filed an opposition to Defendants' motion for summary judgment on January 27, 2015, to which Defendants replied on February 3, 2015. (Docs. # 29, 30). On September 30, 2015, this Court granted Defendants' motion for summary judgment. (Doc. # 38).

On October 13, 2015, Defendants filed an application for costs. (Doc. # 40). Subsequently, the Clerk of Court issued an order taxing costs in favor of Defendants in the amount of $12,977.32. (Doc. # 46). On November 5, 2015, Plaintiff filed a motion to re-tax costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. (Doc. # 47).  Defendants filed an opposition thereto, and Plaintiff filed a reply in support of the motion. (Docs. # 49, 50). On January 12, 2016, the Court vacated the hearing date set for Plaintiff's motion and took the matter under submission. (Doc. # 51). On May 18, 2016, the Court issued an order directing Plaintiff to submit supplemental documentation regarding her indigence by June 10, 2016. (Doc. # 52). Plaintiff failed to file supplemental briefing.

## DISCUSSION

### A. Legal Standard

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, a prevailing party should be awarded costs unless "a federal statute, these rules, or a court order provides

otherwise...." This rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican-American Educators v. California ("AMAE"), 231 F.3d 572, 591 (9th Cir. 2000) (en banc). The losing party bears the burden of making a showing that the award of costs would be inequitable under the circumstances. Nat'l Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1472 (9th Cir. 1995), *overruled on other grounds by* AMAE, 231 F.3d at 593.

If a district court denies costs, it must "specify reasons," explaining "why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1022 (9th Cir. 2003) (citing AMAE, 231 F.3d at 591–93). Appropriate reasons to deny costs include: (1) the need to punish a prevailing party's misconduct, (2) the losing party's limited financial resources, (3) the degree of economic disparity between the parties, (4) "the chilling effect of imposing such high costs on future civil rights litigants," (5) the closeness and difficulty of the issues raised in the case, and (6) that the losing party litigated in good faith. AMAE, 231 F.3d at 592–93.

Alternatively, a district court "need not give affirmative reasons for awarding costs." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003). "[I]nstead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." Id.

### B. Analysis

Plaintiff argues that the Court should re-tax or reduce Defendants' award of costs because Plaintiff is indigent and her action involved important civil rights issues. In opposition, Defendants assert that the Court should deny Plaintiff's motion to re-tax costs because Plaintiff failed to provide sufficient evidence demonstrating her indigence and should not be exempt from paying costs simply because she alleged a civil rights claim. For the reasons set forth below, the Court finds that Plaintiff's arguments are not sufficiently persuasive to overcome the presumption in favor of

awarding costs to Defendants.

### 1. Indigence

First, Plaintiff contends that the Court should re-tax or reduce Defendants' award of costs because Plaintiff is indigent. (Doc. # 47-1, pg. 3–4). To support her claim of indigence, Plaintiff submitted a conclusory declaration stating that: (1) she was 19 years old at the time of the incident, (2) she had a small child at the time of the incident, (3) she is currently a student, (4) she is not working, and (5) she lacks the financial means to pay Defendants' costs. (See Doc. # 47-2, pg. 2). In opposition, Defendants assert that the information submitted by Plaintiff is insufficient to determine her financial status and establish her inability to pay costs now or in the future. (Doc. # 49, pg. 5). In reply, Plaintiff argues that she is indigent but cannot provide "tax documents, pay stubs, or accounting receipts" because she is young and has no financial history. (Doc. # 50, pg. 3). Plaintiff contends that "Defendants' argument that she must prove her indigence is absurd," and makes no attempt to explain, even in the form of an affidavit, the source of any money she receives and how she affords to live and pay bills. Id.

Previously, the Court determined that Plaintiff had provided insufficient information for the Court to assess Plaintiff's indigence. (See Doc. # 52). The Court ordered Plaintiff to submit supplemental documentation or an affidavit detailing her assets, income, expenses, and liabilities. Id. at 2. In essence, the Court offered Plaintiff a second chance to present relevant information establishing her indigence. Plaintiff failed to do so.

Contrary to Plaintiff's position, it is not "absurd" to require Plaintiff to prove indigence when she seeks to avoid paying Defendants' costs on that very basis. Rather, the losing party bears the burden to show that an award of costs to the prevailing party would be inequitable under the circumstances. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003); see also Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999) (stating that "it is incumbent upon the losing party to

demonstrate why the costs should not be awarded"). Courts will not disturb a properly awarded bill of costs "absent 'substantial documentation of a true inability to pay'" at this time or in the future. Thomasson v. GC Servs. Ltd. P'ship, No. 05-cv-0940, 2007 WL 3203037, at *4 (S.D. Cal. Oct. 29, 2007) (internal citations omitted). An inadequate showing of indigence will not shield a plaintiff from his or her obligation to pay costs. Id.

In her pleadings, Plaintiff initially failed to provide the Court with sufficient evidence establishing her indigence. Plaintiff then failed to respond to the Court's order to provide supplemental information regarding her financial status.  The only evidence of Plaintiff's indigence is her personal statement that she is indigent because she is a young mother and student. The Court finds that Plaintiff's mere assertions are inadequate to demonstrate indigence that would warrant relief from Plaintiff's obligation to pay costs.

### 2. Civil Rights Issue

Next, Plaintiff contends that Defendants should be denied costs because Plaintiff pursued the case in good faith and her action involved important civil rights issues because she was shot by police.  (Doc. # 47-1, pg. 4–5). In opposition, Defendants assert that Plaintiff should not be exempt from paying costs simply because she alleged a civil rights claim. (Doc. # 49, pg. 3–5). Defendants argue that Plaintiff continued to prosecute the action after receiving video evidence showing that the police officers were justified in shooting into the vehicle due to an imminent threat of harm to one of the officers. Id. at 5.  In  reply, Plaintiff  re-asserts that costs should be denied because the case involved important civil rights issues.  (Doc. # 50, pg. 4). Plaintiff further argues that she did litigate the case in good faith because the record shows that the officers involved knew or should have known that Plaintiff was sitting in the passenger seat when they shot into the vehicle. Id. at 5.

As the Ninth Circuit has noted, the presumption in favor of awarding costs to prevailing parties still applies in civil rights actions. AMAE, 231 F.3d 572, 593 (9th

Cir. 2000) (en banc). Further, the Ninth Circuit has observed that good faith on the part of the losing party alone is insufficient to justify denial of costs to the prevailing party:

> All parties to a federal action have an obligation to act in good faith and with proper purpose. It follows that noble intentions alone do not relieve an unsuccessful litigant of the obligation under Rule 54(d) to compensate his opponent for reasonable costs. "If the awarding of costs could be thwarted every time the unsuccessful party is a normal, average party and not a knave, Rule 54(d)(1) would have little substance remaining."

Nat'l Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1472–73 (9th Cir. 1995) (citing Popeil Bros., Inc. v. Schick Elec., Inc., 516 F.2d 772, 776 (7th Cir. 1975)), *overruled on other grounds by* AMAE, 231 F.3d at 593. Similarly, were a court to deny costs solely on the basis that the facts of a case presented a close call or a losing party's case had merit, it would effectively eliminate the presumptive award of costs under Rule 54(d).

Plaintiff attempts to paint this case with a broad brush by comparing it to other notable police shootings and citing case law about the necessity of civil rights litigants to test the boundaries of existing laws. (Doc. # 50, pg. 4). However, the Court finds that Plaintiff's arguments are not sufficiently persuasive to overcome the presumption in favor of awarding costs to Defendants. Plaintiff was riding in a stolen vehicle just after 1:00 a.m. when the driver of that vehicle led police on a high speed chase and later attempted to run over a police officer. Plaintiff was inadvertently shot when officers fired shots at the driver, while he was attempting to run over a police officer. Before shooting, the officers did not see that a passenger was in the vehicle. The Court granted summary judgment in favor of Defendants, finding that the officers' use of deadly force was reasonable under the circumstances and that the officers had not violated Plaintiff's rights under the Fourth and Fourteenth Amendments.

The Court notes Plaintiff's arguments that she alleged important civil rights issues and brought her lawsuit in good faith. However, the Court finds that Plaintiff has not shown that this case is one of the extraordinary instances in which the Court

should refuse costs to the prevailing party. Further, the Court does not believe that the imposition of costs will have a chilling effect on future litigants because the costs accumulated in this case after almost three years of unsuccessful litigation are not unreasonably high. Accordingly, as the prevailing parties, Defendants are entitled to their costs under Rule 54(d)(1).

## CONCLUSION

Based on the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to re-tax or reduce costs (Doc. # 47) is DENIED.

Dated: June 30, 2016

JOHN A. HOUSTON
United States District Judge